UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X Civil Action No.

MANGIA MEDIA INC.,
and AVCO INDUSTRIES INC.,

     Plaintiff,

-against-

UNIVERSITY PIPELINE INC., THOMAS
UNGER AND COMCAST INC.,
----------------------------------------------------------------X

COMPLAINT
(SL)

CV-11 0244

WEXLER, J.

BOYLE, M.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
JAN 1 8 2011 ★
LONG ISLAND OFFICE

Plaintiff, MANGIA MEDIA INC., and AVCO INDUSTRIES INC., by their attorney, James L. Breen, complaining of the defendants, respectfully alleges as follows:

### JURISDICTION AND VENUE

FIRST: The court has subject matter jurisdiction over the plaintiff's claim under 28 U.S.C 1332.

SECOND: The amount in controversy exceeds the $75,000.00.

THIRD: Venue is proper under 28 U.S.C. 1391.

FOURTH: The defendant, University Pipeline Inc., transacted business in the State of New York.

FIFTH: The defendant, University Pipeline Inc., conducted business within the State of New York.

SIXTH: The defendant, Thomas Unger, transacted business within the State of New York.

SEVENTH: The defendant, Thomas Unger, conducted business within the State of New York.

EIGHTH: The defendant, COMCAST Inc, transacted business within the State of New York.

NINTH: The defendant, COMCAST Inc., conducted business within the State of New York.

## THE PARTIES

TENTH: The plaintiff's Mangia Media Inc., and AVCO Industries Inc. are corporations duly organized and existing under and by virtue of the laws of the State of New York.

ELEVENTH: The plaintiff's principle place of business is located at 120 Windsor Place, Central Islip, New York 11722.

TWELFTH: Upon information and belief, the defendant, University Pipeline Inc., is a corporation duly organized and existing by virtue of the laws of the State of California.

THIRTEENTH: Upon information and belief, the defendant, University Pipeline Inc., principle place of business is located at 731 Market Street, San Francisco, California 94103.

FOURTEENTH: Upon information and belief, the defendant, Thomas Unger, is a resident of the State of California.

FIFTEENTH: Upon information and belief, the defendant, COMAST Inc., is a corporation duly organized and existing under and by virtue or the laws of the State of Pennsylvania.

SIXTEENTH: Upon information and belief, the defendant, COMCAST Inc., principle place of business is located at One Comcast Center, Philadelphia Pennsylvania 19103.

SEVENTEENTH: At all times hereinafter mentioned, the defendant, Thomas Unger, is the CEO, an officer and director of the defendant, University Pipeline Inc.

## AS AND FOR A FIRST CAUSE OF ACTION

EIGHTEENTH: On or about the 19th day of August, 2009, the defendant, University Pipeline Inc., entered into a contract with the plaintiff, Mangia Media Inc. for the production and delivery of 666,000 two color pizza boxes with a minimum 10 plus slugs (hereinafter at times referred to as the "goods".

NINTEENTH: Pursuant to the terms of the above mentioned contract, the plaintiff, Mangia Media Inc., produced and delivered 666,000 two color pizza boxes with a minimum 10 plus slugs.

TWENTIETH: Pursuant to the terms of the above mentioned contract, the defendant, University Pipeline Inc., agreed to pay to the plaintiff, Mangia Media Inc., the sum of $114,720.00 dollars.

TWENTY-FIRST: At all times hereinafter mentioned, the plaintiff, Mangia Media Inc., fully performed under the terms of the contract.

TWNETY-SECOND: At no time following the production and delivery of the pizza boxes did the plaintiff reject, or object to, the quantity or quality of the pizza boxes and slugs produced and delivered by the plaintiff to the defendant..

TWENTY-THIRD: At all times herein after mentioned, the defendant, University Pipeline Inc., has failed and refused to tender payment as required under the terms of the contract of sale.

TWENTY-FOURTH: As a result of the foregoing, the plaintiff, Mangia Media Inc., has been damaged in the sum of $114,720.00 dollars, plus interest from September 19, 2009.

## AS AND FOR A SECOND CAUSE OF ACTION

TWENTY-FIFTH: The plaintiff repeats and reiterates each and every allegation contained in paragraphs marked and numbered "FIRST through "TWENTY-FOURTH" hereof as if more fully set forth herein.

TWENTY-SIXTH: From on and after the production and delivery of the pizza boxes the plaintiff rendered and forwarded to the defendant, University Pipeline Inc., account statements for the amount due and owing under the contract.

TWENTY-SEVETH: At not time did the defendant, University Pipeline Inc., object to the account statements forwarded by the plaintiff to the defendant.

TWENTY-EIGHTH: On June 2, 2010 the defendant, Thomas Unger, represented to the plaintiff that payment would be wired to the plaintiff as per the contract and account statements.

TWENTY-NINTH: On June 10, 2010, the plaintiff, Mangia Media Inc., provided all wiring information to the defendants', University Pipeline Inc. and Thomas Unger.

THIRTIETH: As a result of the foregoing, a account has been stated between the plaintiff, Mangia Media Inc., and the defendants, University Pipeline Inc., and Thomas Unger.

THIRTY-FIRST: As a result of the foregoing, the plaintiff, Mangia Media Inc., has been damaged in the sum of $114,720.00 dollars, plus interest from September, 2010.

## AS AND FOR A THIRD CAUSE OF ACTION

THIRTY-SECOND: The plaintiff repeats and reiterates each and every allegation contained in paragraphs marked and numbered "FIRST through "THIRTY-FIRST" hereof as if more fully set forth herein.

THIRTY-THIRD: On or about the 17th day of September, 2009, the defendant, University Pipeline Inc., entered into a contract with the plaintiff, Mangia Media Inc. for the production and delivery of 27 "plates" (hereinafter at times referred to as "the goods".

THIRTY-FOURTH: Pursuant to the terms of the above mentioned contract, the plaintiff, Mangia Media Inc., produced and delivered 27 "plates".

THIRTY-FIFTH: Pursuant to the terms of the above mentioned contract, the defendant, University Pipeline Inc., agreed to pay to the plaintiff, Mangia Media Inc., the sum of $13,500.00 dollars.

THIRTY-SIXTH: At all times hereinafter mentioned, the plaintiff, Mangia Media Inc., fully performed under the terms of the contract.

THIRTY-SEVENTH: At no time following the production and delivery of the "plates" did the plaintiff reject, or object to, the quantity or quality of the "plates" produced and delivered by the plaintiff.

THIRTY-EIGHTH: At all times herein after mentioned, the defendant, University Pipeline Inc., has failed and refused to tender payment as required under the terms of the contract of sale.

THIRTY-NINTH: As a result of the foregoing, the plaintiff, Mangia Media Inc., has been damaged in the sum of $13,500.00 dollars, plus interest from September 19, 2009.

## AS AND FOR A FOURTH CAUSE OF ACTION

FORTIETH: The plaintiff repeats and reiterates each and every allegation contained in paragraphs marked and numbered "FIRST through "THIRTY-NINTH" hereof as if more fully set forth herein.

FORTY-FIRST: From on and after the production of the "plates" the plaintiff rendered and forwarded to the defendant, University Pipeline Inc., account statements for the amount due and owing under the contract.

FORTY-SECOND: At not time did the defendant, University Pipeline Inc., object to the account statements forwarded by the plaintiff to the defendant.

FORTY-THIRD: On June 10, 2010 the defendant, Thomas Unger, represented to the plaintiff that payment would be wired to the plaintiff as per the contract and account statements.

FORTY-FOURTH: On June 10, 2010, the plaintiff, Mangia Media Inc., provided all wiring information to the defendants', University Pipeline and Thomas Unger.

FORTY-FIFTH: As a result of the foregoing, a account has been stated between the plaintiff, Mangia Media Inc., and the defendants, University Pipeline Inc., and Thomas Unger.

FORTY-SIXTH: As a result of the foregoing, the plaintiff, Mangia Media Inc., has been damaged in the sum of $13,500.00 dollars, plus interest from September, 2010.

## AS AND FOR A FIFTH CAUSE OF ACTION

FORTY-SEVENTH: The plaintiff repeats and reiterates each and every allegation contained in paragraphs marked and numbered "FIRST through "FORTY-SIXTH" hereof as if more fully set forth herein.

FORTY-EIGHTH: Upon information and belief, the defendant, University Pipeline Inc., delivered to the defendant, COMCAST Inc., the goods produced and delivered by the plaintiff, Mangia Media Inc..

FORTY-NINTH: Upon information and belief, the defendant, COMCAST Inc., was or is in possession of the good that were produced by the plaintiff, Mangia Media Inc.

FIFTIETH: Upon information and belief, the defendant, COMCAST Inc., has received the benefit of the goods sold and delivered by the plaintiff to the defendant, University Pipeline Inc.,

FIFTY-FIRST: Upon information and belief, the defendant, COMCAST Inc., has not paid for the goods produced and delivered.

FIFTY-SECOND: As a result of the foregoing, the plaintiff, Mangia Media Inc. is entitled to payment from the defendant, COMCAST Inc.

FIFTY-THIRD: As a result of the foregoing, the plaintiff has been damaged in the sum of $128,220.00 dollars.

## AS AND FOR A SIXTH CAUSE OF ACTION

FIFTY-FOURTH: The plaintiff repeats and reiterates each and every allegation contained in paragraphs marked and numbered "FIRST through "FIFTY-THIRD" hereof as if more fully set forth herein.

FIFTY-FIFTH: The defendant, Thomas Unger, represented to the plaintiff, Mangia Media Inc., that payment would be made as prescribed under the terms of the contract.

FIFTY-SIXTH: On June 10, 2010 the defendant, Thomas Unger, represented to the plaintiff that payment would be wired to the plaintiff.

FIFTY-SEVENTH: On June 10, 2010, the plaintiff, Mangia Media Inc., provided all wiring information to the defendants', University Pipeline and Thomas Unger.

FIFTY-EIGHTH: The plaintiff, Mangia Media Inc. reasonably relied on the representations made by the defendant, Thomas Unger.

FIFTY-NINTH: The defendant, Thomas Unger, knew at the time that he made such representations to the plaintiff, Mangia Media Inc., that they were false and fraudulent.

SIXTIETH: As a result of the foregoing, the plaintiff, Mangia Media Inc., has been damaged in the sum of $128,220.00 dollars, plus interest.

SIXTY-FIRST: The defendant conduct was wanton and willful.

SIXTY-SECOND: As a result of the foregoing the plaintiff is entitled to an award of punitive damages in the sum of $250,000.00 dollars.

WHEREFORE, the plaintiff demands judgment against the defendants as follows:

a. On the First Cause of Action in the sum of $114,720.00 dollars, plus interest;

b. On the Second Cause of Action in the sum of $114,720.00 dollars, plus interest;

c. On the Third Cause of Action in the sum of $13,500.00 dollars, plus interest;

d. On Fourth Cause of Action in the sum of 13,500.00 dollars, plus interest;

e. On the Fifth Cause of Action in the sum of $128,220.00, plus interest;

f. On the Sixth Cause of Action in the sum of $128,220.00, plus punitive damages in the sum of $250,000.00, plus interest;

g. Costs and disbursements.

Dated: November 30, 2010

James L. Breen Esq.
Attorney for the plaintiff's
395 Fulton Street
Farmingdale, New York 11735
(516) 847-0267

Index No.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRCIT OF NEW YORK

MANGIA MEDIA INC and AVCO INDUSTRIES INC.,

Plaintiffs,

-against-

UNIVERSTITY PIPELINE; THOMAS UNGER AND COMCAST INC.

Defendants.

### LAW OFFICES OF
### JAMES L. BREEN, ESQ.
*Attorneys for Defendant*
*Office and Post Office Address, Telephone*
**395 Fulton Street**
**Farmingdale, New York 11735**
**(518) 631-9022**
**Fax: (516) 847-0271**

To
Attorney(s) for Plaintiff

Service of a copy of the within
               is hereby admitted.
Dated: January ___, 2011

Attorney(s) for

## JAMES L. BREEN ESQ.